USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BRIESE LICHTTECHNIK VERTRIEBS
GmbH and HANS-WERNER BRIESE,          :

                  Plaintiffs,         :      MEMORANDUM & ORDER

          -against-                   :      09 Civ. 9790 (LTS)(MHD)

BRENT LANGTON, B2PRO, KEY             :
LIGHTING, INC. and SERGIO
ORTIZ,                                :

                  Defendants.         :
------------------------------------x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

   In March of this year, in the wake of this court's January 10, 2011 order imposing sanctions on defendants for a variety of discovery derelictions, plaintiffs' counsel obtained a trove of internal corporate documents from an independent contractor who had worked for defendant B2Pro until August 2010. Asserting that these documents had been improperly withheld by defendants and that they contain significant evidence of defendants' profits, plaintiffs have moved for an order deeming these documents to be admissible, presumably at trial or on a summary judgment motion.

   Defendants oppose plaintiffs' motion, although their arguments are in part <u>non sequiturs</u> and are partly based on a gross

1

mischaracterization of a prior court order. They argue principally that they produced these documents or their functional equivalent in discovery (Defs.' Mem. of Law at 2-7) and that the court has previously precluded plaintiffs from using such documents, purportedly as a discovery sanction. (Id. at 7-8). They also complain about the means by which plaintiffs obtained these documents. (Langton Decl. ¶¶ 2-3, 6-7). Finally, they reiterate general complaints of discovery shortcomings by plaintiffs, complaints that we have previously rejected. (Defs.' Mem. of Law at 7-8).

The pertinent facts may be briefly stated. The source of the documents, a man named Ken Robinson, worked as Manager of Equipment for defendant B2Pro from February until August 2010, and as part of his job had routine access to the B2Pro computer system. (Robinson Decl. ¶¶ 3-4). In July and August 2010 he downloaded onto his own laptop a large quantity of B2Pro documents. These reflect price lists, including prices for the alleged infringing reflector umbrellas; product orders for a portion of 2010; summaries of revenues for various B2Pro product groups for 2007 to 2010; and revenues by product category for 2009 and part of 2010. (Id. ¶¶ 7-9 & Ex. A). Soon thereafter he was subpoenaed by plaintiffs for a deposition (id. ¶ 5), and on August 19, 2010 he gave testimony that

2

severely undercut the credibility of defendant Brent Langton. Notably, he testified that Mr. Langton had deliberately withheld from inspection by plaintiffs the umbrella reflectors that are the subject of this lawsuit and that Mr. Langton had thereafter sought to persuade him to defy the deposition subpoena served on him by plaintiffs or to testify falsely at his deposition. See Briese Lichttechnik Vertriebs GmbH v. Langton, 2011 WL 280815, *1-2 (S.D.N.Y. Jan. 10, 2011). According to Mr. Robinson, Mr. Langton fired him soon after his deposition (Robinson Decl. ¶ 6),[1] and plaintiffs report that at some unspecified point thereafter he was hired by plaintiff Briese. (Pls.' Reply Mem. of Law at 10 n.5). In early March 2011, he provided to plaintiffs' counsel copies of the documents that he had downloaded from the B2Pro computer system (Robinson Decl. ¶¶ 11-13), leading to the pending request by plaintiffs.

Plaintiffs seek relief under Rule 37(b)(2) (see Pls.' Reply Mem. of Law at 6), on the premise that discovery misconduct by defendants -- as previously found by the court -- so prejudiced plaintiffs' ability to prove their case at trial that the court

---

[1] Langton disputes this assertion, claiming that by September 2010 there was insufficient business to justify his continued services with the company. (Langton Decl. ¶ 8).

should deem the new documents "admitted", that is, admissible at trial because they will assist plaintiffs in demonstrating the magnitude of defendants' infringing profits and also provide grist for challenging defendants' credibility. (Pls.' Mem. of Law at 2, 5-6; Pls.' Reply Mem. of Law at 2-7). In this respect, plaintiffs argue that the sanctions already imposed by the court on defendants -- including barring defendants from using any documents not produced to plaintiffs during discovery and providing the trier of fact with findings about the deliberate withholding of documents by the defendants -- are insufficient to remedy the prejudice attendant on defendants' failure to provide pertinent financial documents, and that the use of the Robinson-supplied documents will alleviate that injury.

We view the issue in somewhat simpler terms. Putting to one side whether the previously imposed sanctions will suffice to remedy whatever prejudice plaintiffs may have suffered from the demonstrated withholding of documents and false testimony by defendants, we conclude that the initial question is whether the proffered documents would ordinarily be admissible at trial (and hence on summary judgment). That question turns principally on whether the party proffering the documents can satisfy the twin requirements of authentication and relevance. See Davis v.

4

Rodriguez, 364 F.3d 424, 436 (2d Cir. 2004) (applying relevancy requirements of Fed. R. Evid. 401 and 402); United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir. 2001) (discussing requirement of authenticity as condition precedent to admissibility). Plaintiffs rest their authentication showing on a declaration by Mr. Robinson, who recounts his downloading of the documents from the B2Pro computer system and his preservation of the documents free from tampering until he delivered them to counsel. (Robinson Decl. ¶¶ 7-13). Regardless of whether that showing by itself would suffice for admissibility purposes (assuming Mr. Robinson so testified at trial or on summary judgment), defendants' responding papers amply confirm the authenticity of these documents. Indeed, through Mr. Langton and defendants' counsel, they observe that the documents came from the B2Pro computer system, and indeed premise much of their argument for exclusion on the contention that Mr. Robinson misbehaved in appropriating the company's documents. (Langton Decl. ¶¶ 2-3, 6-7; Defs.' Mem. of Law at 1, 5-7). These admissions plainly suffice to authenticate the documents. See generally Fed. R. Evid. 901(a)("The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.")[2]; United States

---

[2] Effective December 1, 2011, the quoted wording will change slightly, to state that "the proponent must produce evidence

v. Pluta, 176 F.3d 43, 49 (2d Cir. 1999).

As for relevance, at the very least the documents reflecting price lists or revenue derived from the lease of reflector umbrellas are pertinent to the issues in the case. In addition, to the extent that defendant Langton previously represented to the court that his company's finances were in a purportedly parlous state (Mullally Reply Decl. Ex. 5), documents indicating the substantial scale of the company's revenue stream, which was in the millions of dollars, is potentially usable to impeach Mr. Langton's credibility.

In seeking to resist plaintiffs' application, defendants argue that they provided equivalent documentation in discovery. It does appear that some of the documents that defendants produced to plaintiffs and that they used in deposition questioning reflected income from the leasing of some B2Pro equipment for some period of time, but that does not demonstrate that defendants complied with the full extent of their discovery obligations. Moreover, even if they had done so -- which plainly they have not, see Briese, 2011

---

sufficient to support a finding that the item is what the proponent claims it is." This amendment would not alter our analysis.

6

WL 280815 at *9 -- such a finding would not preclude the admission of relevant corporate documents belatedly provided to plaintiffs by a non-party.

As for defendants' argument that the court previously precluded plaintiff from using such documents, it is so wide of the mark as to suggest -- unfortunately, not uncharacteristically -- that defendants' counsel is engaging in bad-faith argumentation. The January 24, 2011 memorandum and order to which defendants' counsel refers did not preclude plaintiffs from using the type of documents at issue here -- that is, documents pertaining to defendants' earnings. The pertinent passage addressed a complaint by defendants that plaintiffs had failed to produce all documents reflecting or relating to plaintiffs' profits from their reflector umbrella, and since plaintiffs had apparently not produced some of their cost documents (apparently partly because they contemplated seeking the infringers' profits rather than their own lost profits), we held that they would be limited at trial to the profits-related documents that they had produced to defendants. Briese Lichttechnik Vertriebs GmbH v. Langton, 272 F.R.D. 369, 374 (S.D.N.Y. 2011). This of course did not speak to evidence of defendants' profits, which is the subject to which the currently disputed documents relate. Indeed, it would have made no sense for

7

the court to limit plaintiffs' use of defendants' documents since we had found that defendants had failed to produce pertinent and requested documents.[3]

In sum, we conclude that the documents in question are authentic -- that is, they came from the document retention system of defendants -- and that they appear, in the respects that we have mentioned, to be relevant. We see no need at this time to parse relevance in any more specific terms than we have done here, since the parties will have ample opportunity on summary judgment or at trial to argue the relevance of specific documents.[4]

Finally, although defendants seem to argue that the documents should not be allowed into evidence because they were obtained by underhanded means through Mr. Robinson, this argument is a non-starter. Defendants offer no legal authority for the legal premise

---

[3] At one point defendants argue in general terms that the currently disputed documents, or some unspecified portion of them, were never requested by plaintiffs. (Defs.' Mem. of Law at 5-6). This too is plainly incorrect.

[4] We also note that plaintiffs have not sought leave to re-open discovery in order to question defendants' principals about these documents, and are presumably prepared to explain the details of those documents, and to offer whatever basis of relevance may be required, if defendants choose to challenge their proffer on summary judgment or at trial.

8

that underlies their argument, see, e.g., Go SMiLE, Inc. v. Levine, 769 F. Supp.2d 630, 649 (S.D.N.Y. 2011)(refusing to preclude use of documents allegedly stolen by former employees of the plaintiff); cf. United States v. Knoll, 16 F.3d 1313, 1319-20 (2d Cir. 1994) (Fourth Amendment does not bar Government use of documents independently purloined by non-government actors), and in any event, since defendants failed to produce the documents at issue -- in contravention of their legal obligations -- they can scarcely rely on their own misconduct as a means of precluding the use of documents to which plaintiffs were entitled to have access.

## CONCLUSION

For the reasons stated, plaintiffs' motion is granted to the extent that we have indicated.

Dated: New York, New York
       October 6, 2011

                                    _____
                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE

9

Copies of the foregoing Memorandum and Order have been mailed today to:

M. Veronica Mullally, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Edward Kelly, Esq.
Tiajoloff & Kelly LLP
Chrysler Building
405 Lexington Avenue
37th Floor
New York, New York 10174

Edward C. Schewe, Esq.
Schewe & Assocs.
1600 Rosencrans Avenue
4th Floor
Manhattan Beach, California 90266