UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BRIESE LICHTTECHNIK VERTRIEBS
GmbH and HANS-WERNER BRIESE,

          Plaintiffs,

-v-                                       No. 09 Civ. 9790 (LTS)(MHD)

BRENT LANGTON, B2PRO, KEY
LIGHTING, INC. and SERGIO ORTIZ,

          Defendants.
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 3 1 2012

## MEMORANDUM OPINION AND ORDER

      This is a patent infringement action brought by Hans-Werner Briese ("Briese") and Briese Lichttechnik Vertriebs GmbH (collectively "Plaintiffs") against Key Lighting, Inc. ("Key Lighting" or "Defendant"), Brent Langton, B2Pro, and Sergio Ortiz (collectively "Defendants"), concerning U.S. Patent No. 5,841,146 ("the '146 patent"), an umbrella-shaped light reflector for use in photography and videography. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

      Defendant Key Lighting has filed a motion for summary judgment of patent invalidity as to claims 1-13 and 17-18 of the '146 patent. Plaintiffs have cross-moved for summary judgment of patent validity as to those claims and moved to strike certain evidence proffered in support of Key Lighting's motion. Six other motions are currently pending in this action and will be addressed in a separate order. The Court has reviewed carefully the parties' submissions and, for the following reasons, Plaintiffs' motion to strike is granted in part, Defendant's motion for summary judgment is denied, and Plaintiffs' cross-motion for summary judgment of validity is granted.

documents, manufacturing of evidence, one instance of attempted obstruction of justice, misrepresentations to the court and apparent perjury. (Memorandum & Order of Mag. J. Dolinger, Jan. 10, 2011, making findings of misconduct, docket entry no. 162.) In support of its motion for summary judgment of patent invalidity, Key Lighting proffers allegations that Plaintiffs' variable-focus umbrella was displayed publicly more than a year before the '146 patent application was filed. The Court ordered that Defendants make their prior art umbrella available for inspection by March 5, 2010. (Feb. 11, 2010, Pretrial Scheduling Order p.6.) On March 5, 2010, Defendants produced a single umbrella reflector, measuring approximately 1.8 meters ("the 180 device"), which was missing certain components, including the yoke that would have held the umbrella to its stand and the tube in the center of the umbrella where a light source would have been affixed ("the tubular carrying means"). At a hearing on July 5, 2010, Magistrate Judge Michael Dolinger ordered Defendants to produce by August 5, 2010, all documentation of prior art upon which they intended to rely, or be limited to what they had already disclosed. (Transcript of July 22, 2010, discovery hearing, docket entry no. 75, p. 33.) On August 11, 2010, Judge Dolinger entered the following order:

> IT IS HEREBY ORDERED that Defendants are limited in all further proceedings in this case, regarding their allegations of prior art, to only the component(s) provided to Briese for inspection on March 5, 2010, and are precluded from introducing into evidence or otherwise referring to at any time in this case, any undisclosed components or documentation of alleged prior art which was not provided to Briese for inspection by August 5, 2010.

(August 11, 2010, Order, docket entry no. 82.) On September 5, 2010, at the deposition of Defendant Langton, Plaintiffs learned for the first time that Defendants claim to have a second prior art device ("the 240 device"). (Transcript of the Sept. 10, 2010, Deposition of Brent Langton p. 155, 162-63, Ex. E. to the Decl. of Veronica Munoz.) According to Defendants, when the incomplete 180 device was produced on March 5, 2010, the 240 device

was also in the room, on the floor in a black bag. (Id. at 163.) When asked why he did not show Plaintiffs the 240 device, Langton responded, "I don't know why. Just maybe it didn't come up."[1] (Id.) Defendants now proffer evidence concerning the 240 device and certain elements of the 180 device that were not produced for inspection, in support of their summary judgment motion.

Discussion

Plaintiffs' Motion to Strike Certain Exhibits and Portions of Exhibits

Here, "[b]ecause a decision on the motion to strike may affect [Defendants'] ability to prevail on summary judgment, it is appropriate to consider the Motion to Strike prior to [the parties' cross-motions for] summary judgment." Rund v. JP Morgan Chase Group Long Term Disability Plan, 10 Civ. 5284, 2012 WL 1108003, 1 (S.D.N.Y. Mar. 30, 2012). Plaintiffs seek to strike Defendants' proffer of the 240 device and the yoke and tubular carrying means of the 180 device, along with portions of declarations and other exhibits that refer to those devices and their components. Judge Dolinger's August 11, 2010, Order precludes Defendants from "introducing into evidence or otherwise referring to at any time in this case, any undisclosed components or documentation of alleged prior art which was not provided to Briese for inspection by August 5, 2010." The 240 device, the yoke of the 180 device, and the tubular

---

[1] Plaintiffs hired a photographer to attend the March 5, 2010, inspection, and some of the photographs taken that day show a black bag, partially opened, with a device inside, and affixed to the device was a label that read "240 Umbrella Prototype." Plaintiffs do not dispute that the 240 device was physically present at the March 5, 2010, inspection. However, it is also undisputed that Defendants failed to tender the 240 device for inspection on March 5, 2010, and did not assert the 240 device as invalidating prior art until after the March 5, 2010, inspection.

carrying means of the 180 device were not provided to Briese for inspection by August 5, 2010. The 240 device, although present in the room at the time of the inspection, was not provided to Briese for inspection. Accordingly, Plaintiffs' motion to strike those devices and components and portions of documents referring to those devices and components is granted.

Plaintiffs' motion also seeks to strike other exhibits and portions of documents on the grounds that they are vague, conclusory or otherwise inadmissible. The remaining aspects of Plaintiff's motion to strike are moot, as a decision on those aspects would not affect the Court's decision on the cross-motions for summary judgment.

The Parties' Cross-motions for Summary Judgment

When deciding cross-motions for summary judgment, the standard to be used "is the same as that for individual summary judgment motions and a court must consider each motion independent of the other." Schultz v. Stoner, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004) (internal quotations omitted).

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (the moving party bears the burden of establishing that there is no genuine issue of material fact). Correspondingly, summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller

& Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248). The Second Circuit has explained that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Opals on Ice Lingerie, Designs by Bernadette, Inc. v. Bodylines, Inc., 320 F.3d 362, 371 (2d Cir. 2003).

Defendants' invalidity argument rests solely on an assertion that the '146 patent is invalid because the invention described by the patent was used publicly, sold, offered for sale, or described in a printed publication more than one year before the patent was filed. Plaintiffs assert in their cross-motion for summary judgment that the '146 patent is presumptively valid and that Defendants have failed to rebut the presumption of patent validity.

A patent is presumed to be valid. 35 U.S.C. § 282. An accused infringer may overcome a patent's presumption of validity by presenting clear and convincing evidence that "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C.A. § 102(b) (West 2001); see also Cummings v. Adidas USA, 716 F. Supp. 2d 323, 331 (S.D.N.Y. 2010) (applying a "clear and convincing" evidence standard) appeal dismissed, 457 Fed. App'x 926 (Fed. Cir. 2011). Public use, sale, offer for sale, and description in a publication are "barring" activities, and "the first determination in the § 102(b) analysis must be whether the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention." Scaltech Inc. v.

Retec/Tetra, L.L.C., 178 F.3d 1378, 1383 (Fed. Cir. 1999). A dependent claim includes all of the limitations of the independent claim upon which it depends, Hartness Int'l Inc. v. Simplimatic Engineering Co., 819 F.2d 1100, 1108 (Fed. Cir. 1987), so a finding that alleged prior art does not cover the limitations of a particular independent claim compels a finding that the prior art does not cover the dependent claim either.

        Pursuant to Judge Dolinger's August 11 Order, Defendants are limited in their allegations of prior art "to only the component(s) provided to Briese for inspection on March 5, 2010, and are precluded from introducing into evidence or otherwise referring to at any time in this case, any undisclosed components or documentation of alleged prior art which was not provided to Briese for inspection by August 5, 2010." (Aug. 11, 2010, Order, docket entry no. 82.) The sole device that Defendants produced for inspection on March 5, 2010, was a 180 device that lacked, among other things, a tubular carrying means. The existence of a tubular carrying means is one of the limitations of Claim One of the '146 patent. Because Key Lighting is precluded from proffering evidence of prior art that contains a tubular carrying means, Key Lighting cannot demonstrate that an invention meeting all of the limitations of Claim One was used, sold, displayed or described publicly prior to the one-year bar period. Accordingly, Key Lighting's motion for summary judgment of invalidity of Claim One is denied and, because the remaining claims that Key Lighting challenges are all dependent on Claim One, Key Lighting's summary judgment motion as to those claims is also denied. Plaintiffs' cross-motion for summary judgment of validity of the '146 patent is granted, as Key Lighting has failed to raise a triable issue of fact as to the existence of prior use, sale, display or description of an invention that meets all of the limitations of Claim One.

Conclusion

For the foregoing reasons, Plaintiffs' motion to strike certain evidentiary proffers is granted to the extent indicated herein. Defendant's motion for summary judgment of patent invalidity is denied, and Plaintiffs' motion for summary judgment of patent validity is granted. This Memorandum Order resolves docket entry numbers 204, 212 and 215.

SO ORDERED.

Dated: New York, New York
July 31, 2012

LAURA TAYLOR SWAIN
United States District Judge