UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
BRIESE LICHTTECHNIK VERTRIEBS : 
GmbH and HANS-WERNER BRIESE, :
                                                                :   Case No. 09 Civ. 9790 (SC) (MHD)
                     Plaintiffs, :
-against- :
                                                                :
BRENT LANGTON, B2PRO, KEY :
LIGHTING, INC., and SERGIO ORTIZ, :
                   Defendants. :
------------------------------------------------------------------- x

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING APPLICABLE
PREJUDGMENT AND POSTJUDGMENT INTEREST RATES AND AMOUNTS**


Dated: January 2, 2014                HOGAN LOVELLS US LLP

                                                   Gary Serbin (GS7332)
                                                   Eric J. Lobenfeld (EL4560)
                                                   A. Elizabeth Korchin (AK0883)
                                                   Patrick J. Dempsey (PD8372)
                                                   Nicole Nussbaum (NN5594)
                                                   875 Third Avenue
                                                   New York, NY 10022
                                                   Tel:  (212) 918-3000

                                                   *Attorneys for Plaintiffs Briese Lichttechnik*
                                                   *Vertriebs GmbH and Hans-Werner Briese*

Plaintiffs Briese Lichttechnik Vertriebs GmbH and Hans-Werner Briese (together "Plaintiffs" or "Briese") respectfully submit this supplemental brief regarding the rate and amount of pre- and post-judgment interest as directed by the Court in the December 18, 2013 Order (Docket No. 477).

I.   PREJUDGMENT INTEREST

   A.   The New York Statutory Rate, Or, At A Minimum, The Prime Rate, Is The Appropriate Rate For Prejudgment Interest

Because prejudgment interest awards are not exclusive to patent law, such awards are governed by the law of the regional circuits. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). In determining prejudgment interest rates, trial courts are "afforded wide latitude" and "may award interest **at or above the prime rate**." *U.S. Philips Corp. v. Iawsaki Elec. Co., Ltd.*, 607 F. Supp. 2d 470, 483 (S.D.N.Y. 2009) (emphasis added) (citation and quotation omitted). The prime rate thus should set the floor for the prejudgment interest rate to be applied in this case.[1]

---

[1]   It would be inappropriate to apply 28 U.S.C. § 1961, which sets the rate for *post*judgment interest at the weekly average one-year constant maturity Treasury yield rate published by the Federal Reserve (the "Treasury Bill rate"), to determine *pre*judgment interest here. Using the substantially lower § 1961 interest rate for prejudgment interest would be a windfall to Defendants, who by their infringement made ample use of the money that would otherwise have been paid to Briese in a licensing agreement, and would be akin to granting Defendants a below-market loan:

> Winners in litigation are not called "judgment creditors" for nothing. They have made a large, involuntary, unsecured loan to a debtor of uncertain creditworthiness that is doing its utmost to avoid paying. In the market the rate of interest on such loans greatly exceeds the rate the United States Government has to pay [the Treasury Bill rate] – a rate that economists usually call the "risk-free rate." Plaintiffs did not make a risk-free loan. Plaintiffs are entitled to the market rate their debtor pays for money. . . . When the record is inconclusive, courts commonly supply the prime rate that banks charge for unsecured loans to creditworthy customers. This rate is favorable to judgment debtors, because the prime rate applies to short-term credit that is highly likely to be repaid.

1

However, the more appropriate rate to apply here is the statutory interest rate prescribed by the New York Civil Practice Law and Rules (the "CPLR Rate") – which applies, inter alia, to awards for claims arising "because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." N.Y. C.P.L.R. 5001(a) (McKinney 2013). Defendants' acts of willful patent infringement certainly interfered with Briese's possession and enjoyment of the '146 Patent, and it is well-established that patents are property. *See, e.g.*, *United States v. Dubilier Condenser Corp.*, 289 U.S. 178, 187 (1933) ("[a] patent is property"); *Doukas v. Ballard*, 825 F. Supp. 377, 382 (E.D.N.Y. 2011) ("patents hav[e] the attributes of personal property") (quoting *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993)); 8 Chisum on Patents § 21.02 ("a dispute over title or ownership in a patent traditionally arises under state property law"). Moreover, New York C.P.L.R. 5004 specifies that the CPLR Rate applies "except where otherwise provided by statute." While postjudgment interest is governed by federal statute, *see infra*, no such statute applies to awards of prejudgment interest. Indeed, federal courts in New York routinely apply the nine percent CPLR Rate to judgments involving federal causes of action. *See, e.g., Crescent Servs., Inc. v. Michigan Vacuum Trucks, Inc.*, 714 F. Supp. 2d 425, 431 (W.D.N.Y. 2010) (applying the nine percent CPLR Rate to prejudgment interest in a patent infringement action); *Alfano v. Cigna Life Ins. Co. of N.Y.*, No. 07-9661, 2009 WL 890626, at *7 (S.D.N.Y. Apr. 2, 2009) (applying CPLR Rate in ERISA action and noting that, "[c]onsistent with plaintiff's request, numerous courts have awarded

---

*In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 831 F. Supp. 1354, 1394-95 (N.D. Ill. 1993) (Easterbrook, J., sitting by designation) (citations omitted).
   As recognized by Judge Easterbrook, in contrast to the risk-free character of postjudgment interest – which applies to an award that is known and certain, limited only by the defendant's ability to pay – prejudgment interest often is set at a higher rate to account for the "uncertain creditworthiness" of the defendant and the risk that plaintiffs take in pursuing years of costly litigation. *Id*.

prejudgment interest at a rate of 9%. . . . New York has adopted a statutory prejudgment interest rate of 9%, thus making an objective legislative judgment that 9% is an appropriate rate.") (collecting cases applying the CPLR Rate); *GTFM, Inc. v. Solid Clothing, Inc.,* No. 01-2629, 2002 WL 31886349, at *4 (S.D.N.Y. Dec. 26, 2002) (applying the nine percent CPLR Rate to prejudgment interest on award in a trademark infringement action). Accordingly, the CPLR Rate, or, at a minimum, the prime rate, is the appropriate rate for prejudgment interest in this case.

### B. Prejudgment Interest Rate Application

The Second Circuit has consistently held that prejudgment interest accrues through the jury verdict and up until the date of judgment. *See Adrian v. Town of Yorktown*, 620 F.3d 104, 107 (2d Cir. 2010) ("Under New York law, post-verdict prejudgment interest is mandatory.") (*citing, e.g.*, N.Y. C.P.L.R. 5002, 5004); *Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 620 (2d Cir. 1996) ("Because we have determined above that post-judgment interest should be awarded commencing on . . . the date of the original judgment, post-judgment interest was properly awarded from the date of the original judgment at a rate of 3.41% and post-verdict, prejudgment interest was appropriately awarded at the state rate of 9%[.]"); *Magee v. U.S. Lines, Inc.*, 976 F.2d 821, 823–24 (2d Cir. 1992) ("'Prejudgment interest' is an accurately descriptive phrase; it means interest accrued up to the time that judgment is entered."); N.Y. C.P.L.R. 5002 ("Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment.").

However, courts must assess prejudgment interest against the compensatory award only, not the enhanced or punitive portion. *See Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed. Cir. 1983). Thus, prejudgment interest here is to be assessed on the jury's award of

3

$300,000, with prejudgment interest continuing to accrue until a judgment on the verdict is entered.

1.   **CPLR Rate Application**

Under the New York C.P.L.R., the rate of interest is nine percent. N.Y. C.P.L.R. 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."). There is no compounding for the nine percent CPLR Rate. *See Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998) (finding simple, rather than compound, interest at the nine-percent statutory rate was appropriate), *holding modified on unrelated grounds by Baron v. Port Auth. of New York & New Jersey*, 271 F.3d 81 (2d Cir. 2001). Accordingly, the simple nine-percent CPLR Rate should be applied in the present case as follows:

**CPLR Rate**

| Year | Rate[2] | Annual Payment[3] | Total Principal[4] | Interest Earned[5] |
|---|---|---|---|---|
| 2008 | 3.75% | $24,193.55 | $24,193.55 | $907.26 |
| 2009 | 9.00% | $58,064.52 | $82,258.06 | $7,403.23 |
| 2010 | 9.00% | $58,064.52 | $140,322.58 | $12,629.03 |
| 2011 | 9.00% | $58,064.52 | $198,387.10 | $17,854.84 |
| 2012 | 9.00% | $58,064.52 | $256,451.61 | $23,080.65 |
| 2013 | 9.00% | $43,548.39 | $300,000.00 | $27,000.00 |
| **Total Interest:** | | | | **$88,875.00** |

---

[2]   The CPLR Rate has been constant at nine percent since 1981. However, the interest rate for 2008 is prorated to reflect the August 2008 patent infringement start date in this case.

[3]   The $300,000 jury award has been prorated monthly across the 62-month period of infringement – August 2008 until trial in October 2013 – to appropriately apportion the royalty payment for each year, respectively.

[4]   The Total Principal for a simple interest calculation is the sum of the annual payment for a particular year and the balance of the previous year(s)' annual payments.

[5]   The Interest Earned is the amount of interest earned each year, not total interest accrued.

Thus, applying the New York CPLR Rate of nine percent simple interest per year on the compensatory portion of the jury's award results in a total prejudgment interest award of $88,875.00 as of December 31, 2013. Further, interest should continue to accrue at the rate of $73.97 per day ($27,000 annually, which is 9% of the $300,000 award) until judgment is entered.

### 2. Prime Rate Application

The prime rate is the interest rate at which corporations are likely to borrow funds. *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 891 F. Supp. 751, 833 (E.D.N.Y. 1995), *aff'd*, 96 F.3d 1409 (Fed. Cir. 1996). Moreover, when using the prime rate, courts have consistently awarded compounded interest to prejudgment interest awards because "[i]t has been recognized that an award of compound rather than simple interest assures that the patent owner is fully compensated." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995) (en banc) (citation and internal quotation marks omitted). The determination of whether to award simple or compound interest is "within the discretion of the district court," however. *Id.* Importantly, in exercising that discretion, courts have noted that whether the "infringement was willful" – as it was here – is a factor favoring compounding interest. *Stryker*, 891 F. Supp. at 833.

Accordingly, if the Court determines that the prime rate should be used to calculate prejudgment interest, Briese respectfully requests that the Court direct the interest to be compounded annually, in accordance with the following table:

5

**Prime Rate**

| Year | Rate[6] | Annual Payment[7] | Compounded Principal[8] | Interest Earned[9] |
|---|---|---|---|---|
| 2008 | 2.12% | $24,193.55 | $24,193.55 | $513.10 |
| 2009 | 3.25% | $58,064.52 | $82,771.17 | $2,690.06 |
| 2010 | 3.25% | $58,064.52 | $143,525.75 | $4,664.59 |
| 2011 | 3.25% | $58,064.52 | $206,254.85 | $6,703.28 |
| 2012 | 3.25% | $58,064.52 | $271,022.65 | $8,808.24 |
| 2013 | 3.25% | $43,548.39 | $323,379.27 | $10,509.83 |
| **Total Interest:** | | | | **$33,889.10** |

Applying the prime rate with interest compounded annually on the compensatory portion of the jury's award therefore would result in a total prejudgment interest award of $33,889.10 as of December 31, 2013. Moreover, assuming that the prime rate remains at 3.25%, interest should continue to accrue at a rate of $29.73 per day ($10,851.40 annually) until the date judgment is entered.

## II.     POSTJUDGMENT INTEREST

### A.     28 U.S.C. § 1961 Sets The Postjudgment Interest Rate

Postjudgment interest is governed exclusively by 28 U.S.C. § 1961, which calculates interest at the Treasury Bill rate as of the judgment's date of entry. *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008). Unlike prejudgment interest, which is based solely on the

---

[6]    Sources: Board of Governors of the Federal Reserve System, Statistical Releases and Historical Data - Annual Bank Prime Loan, attached hereto as Exhibit A; *id.*, Current Statistical Release, attached hereto as Exhibit B (available online at http://www.federalreserve.gov/releases/h15/data.htm and http://www.federalreserve.gov/releases/h15/current/h15.pdf, respectively) (last visited January 2, 2014). The annual reported interest rate for 2008 is prorated to reflect the infringement start date in this case of August 2008 (five months from August to December).

[7]    As with the CPLR Rate chart above, the $300,000 jury award has been prorated monthly across the 62-month period of infringement before trial in October 2013.

[8]    The Compounded Principal for a compounded interest calculation is the sum of the annual payment for each respective year and the balance of the previous year(s)' annual principal payment(s) plus all accrued interest. It does not include interest earned in the year it is entered.

[9]    The Interest Earned is the amount of interest earned each year, not total interest accrued.

compensatory award, postjudgment interest applies to the total award, including the enhanced portion of the damages award and any prejudgment interest to which the Court deems Plaintiffs are entitled. *See, e.g.*, *In re Horizon Cruises Litig.*, No. 94-5270, 2002 WL 91632, at *1 (S.D.N.Y. Jan. 23, 2002) (awarding postjudgment interest on the compensatory award from the date of the compensatory judgment, and awarding postjudgment interest on the punitive portion of the award from the date of the punitive award); *see also generally Church & Dwight Co. v. Abbott Labs.*, No. 05-2142, 2009 WL 2230941, at *13 (D.N.J. July 23, 2009), *dismissed*, 368 F. App'x 117 (Fed. Cir. 2009) (citing a number of cases in various jurisdictions applying postjudgment interest to the compensatory award, prejudgment interest, and enhanced awards).

### B. Postjudgment Interest Rate Application

In the instant case, no postjudgment interest has accrued because judgment on the verdict has not yet been entered. Once judgment is entered, interest should be computed daily and compounded annually on the full award. The proper interest rate under § 1961 is the Treasury Bill rate as of the date of judgment, and the award bears interest daily from the date of entry until the date of payment. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 840 (1990) ("we conclude that . . . § 1961 fix[es] the rate of interest as of the date of the entry of judgment"). As of the date of this filing, the Treasury Bill rate is 0.13%.

7

## **CONCLUSION**

For the foregoing reasons, as well as those detailed in Plaintiffs' briefings in support of the Motion for Enhanced Damages (Docket Nos. 459, 471), Plaintiffs respectfully request that the Court enter an order (a) awarding prejudgment interest at the CPLR Rate, or in the alternative, at the prime rate compounded annually, through the date of judgment (resulting in a prejudgment interest award of $88,875.00, or $33,889.10, respectively, through December 31, 2013); (b) awarding prejudgment interest at the CPLR Rate ($73.97 per day), or in the alternative, at the prime rate ($29.73 per day) accruing from January 1, 2013 until the date judgment is entered; and (c) awarding postjudgment interest in accordance with the Treasury Bill rate as of the future date of the Court's entry of judgment, computing interest daily and compounding annually.

Dated:  January 2, 2014        Respectfully Submitted,
New York, New York

       /s/  Gary Serbin
Gary Serbin (GS7332)
Eric J. Lobenfeld (EL4560)
A. Elizabeth Korchin (AK0883)
Patrick J. Dempsey (PD8372)
Nicole A. Nussbaum (NN5594)
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Gary.Serbin@hoganlovells.com
Eric.Lobenfeld@hoganlovells.com
Elizabeth.Korchin@hoganlovells.com
Patrick.Dempsey@hoganlovells.com
Nicole.Nussbaum@hoganlovells.com

*Attorneys for Plaintiffs Briese Lichttechnik Vertriebs GmbH and Hans-Werner Briese*