Edward P. Kelly
TIAJOLOFF & KELLY LLP
Chrysler Building - 37th Floor
405 Lexington Avenue
New York, New York 10174
Telephone:  (212) 490-3285
Facsimile:  (212) 490-3295

Edward C. Schewe (pro hac vice)
SCHEWE & ASSOCIATES
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, California 90266
Telephone:   (310) 321-7892
Facsimile:   (310) 321-7891

Attorneys for Defendants
Key Lighting, Inc., et al.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIESE LICHTTECHNIK VERTRIEBS GmbH, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>B2PRO, et al.,<br><br>　　　　　　　　Defendants,<br><br><br>AND RELATED COUNTERCLAIMS | No. 09 Civ 9790 (SC) (MHD)<br><br>**MEMORANDUM OF DEFENDANTS RE PREJUDGMENT AND POST-JUDGMENT INTEREST** |

Defendants respectfully submit the following memorandum on post-judgment and prejudgment interest pursuant to the Court's December 18, 2013 Order.

I.   POST-JUDGMENT INTEREST

The standard for post-judgment interest in all federal civil cases is defined by 28 U.S.C. § 1961.  Under § 1961(a), interest is to be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.  See links to the U.S. Federal Reserve Board's statistical releases at **www.nysd.uscourts.gov/fees/judgment** showing the applicable interest rates.

From the Federal Reserve Board's website, the applicable interest rate for the most recent week (the week ending December 27, 2013) **is 0.13%** based on the U.S. Federal Reserve Board's statistical release.  See copy at Exhibit A hereto with highlighting.  Under 28 U.S.C. § 1961(b), post-judgment interest is to be compounded annually.

II.   PREJUDGMENT INTEREST

The court should apply the same federal interest rate to any prejudgment interest.  Under Federal Circuit authority, "[t]he rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986); *Crystal Semiconductor Corp. v. TriTech Microelectronics Inter., Inc*., 246 F.3d 1336, 1361-1362 (Fed. Cir. 2001) (upholding a district court's refusal to grant prejudgment interest because the patent holder delayed in filing suit for self-serving reasons);  see also *General Motors Corp. v. Devex*

1

*Corp.*, 461 US 648, 657, 103 SCt 2058, 76 LEd2d 211 (1983) (noting "it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit.").

There is an important limitation. The Federal Circuit has consistently held that prejudgment interest cannot be assessed on an increased or punitive portion of a damage award. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed. Cir. 1983); *Beatrice Foods Co. v. New England Printing and Litho. Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).

With respect to the interest rate, courts have pointed to the federal post-judgment rate as the starting point in exercising the court's discretion in determining the prejudgment interest rate. See *Security Insurance Co. of Hartford v. Old Dominion Freight Line, Inc.*, 314 F.Supp.2d 201, 203-204 (S.D.N.Y. 2003);  see also *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997) ("The district court found that there was no evidence that [the patentee] borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded as a result of [the] infringement. . . . We hold therefore that there was no abuse of discretion in the district court's choice of prejudgment interest.").

In the Second Circuit, it is within the sound discretion of the trial court whether or not to award prejudgment interest at all, and the same considerations that inform that decision should also inform the choice of interest rate. See *Security Insurance Co.*, 314 F.Supp.2d at 203 (citing cases and noting "While the Court has discretion to award interest at a higher rate, it is reasonable to accept the considered judgment of the Congress as to a fair interest rate absent some reason in the facts of the case to do otherwise.");  *Jones v. UNUM Life Ins. Co.*, 223 F.3d 130, 139 (2d Cir. 2000).

"In exercising such discretion, the court is to take into consideration (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Security Insurance Co.*, 314 F.Supp.2d at 203 (quoting *Jones v. UNUM Life Ins. Co.*, 223 F.3d 130, 139 (2d Cir. 2000), quoting *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996)).  The court emphasized that circumstances must be reviewed individually to determine compensation and fairness in a particular case.  *Id.*

The Second Circuit in *Jones v. UNUM* ultimately affirmed that district court's adherence to the federal rate based on the reasoning that "it was the most fair and equitable rate available," and that the evidence offered by the plaintiff in support of a higher rate was "unpersuasive." *Security Insurance Co.*, 314 F.Supp.2d at 203 (citing *Jones v. UNUM Life Ins. Co.*, 14 Fed. Appx. 44, 46, 2001 U.S. App. LEXIS 15366, at *4 (2d Cir. June 28, 2001)).

Following *Jones v. UNUM*, the trial court in *Security Insurance Co.* also concluded that the prejudgment interest rate to be applied was the federal post-judgment interest rate as of the date of the loss of the cargo in that case.  See *Security Insurance Co.*, 314 F.Supp.2d at 203-204.

Recent federal decisions have followed *Jones v. UNUM* and used the federal post-judgment interest rate as the prejudgment interest rate.  See *Silverman v. Miranda*, 918 F.Supp.2d 200, 220 (S.D.N.Y. 2013) (in an ERISA case the court concluded that the prejudgment interest rate to be applied was the federal post-judgment interest rate under 28 U.S.C. § 1961(a)); *Liberty Media Corp. v. Vivendi Universal, S.A.,* 2013 U.S. Dist. LEXIS 3521, *15 (S.D.N.Y. 2013) (adopting the federal post-judgment interest rate as the prejudgment interest rate, rejecting the application of the higher state interest rate).

The analysis in these cases applies to the instant case. Plaintiffs here offered no factual or evidentiary support as to why a higher rate above the federal post-judgment rate should be awarded. Plaintiffs presented no evidence they borrowed money at any rate, what that rate was or that there was a causal connection between any alleged borrowing and the jury award. Plaintiffs presented no evidence under the *Jones v. UNUM* factors such as the need for full compensation or other principles.

Here, the jury award essentially means that the jury awarded Plaintiffs $300,000 for the use of the invention. Therefore, the award only represents money that Plaintiffs could have invested at applicable interest rates. It would not be appropriate or consistent with the purpose of prejudgment interest to award an interest rate higher than those interest rates which were in effect during the applicable period.

Consistent with both *Jones v. UNUM* and the trial court in *Security Insurance Co.*, it is much more reasonable and equitable to accept the considered judgment of Congress as to what is a fair interest rate. Here, the operative complaint, the Second Amended Complaint, was filed April 15, 2010 [doc #46]. From the Federal Reserve Board's website from the link at **www.nysd.uscourts.gov/fees/judgment**, the applicable post-judgment interest rate reported for December 2010 was 0.29%; for December 2011 was 0.12%; and for December 2012 was 0.16%. See copy of summary at Exhibit B hereto with highlighting.

4

As stated above for the week ending December 27, 2013, the applicable rate reported is 0.13%.  See Exhibit A hereto.  An average for all these rates is approximately 0.18%.  These should be the applicable prejudgment rates for the stated years or alternatively the average of 0.18% can be used as the prejudgment interest rate.


Respectfully submitted,


Dated:  January 6, 2014                         By:  _/s/Edward C. Schewe_____
                                                      Edward C. Schewe (pro hac vice)
                                                      SCHEWE & ASSOCIATES
                                                      1600 Rosecrans Avenue, 4th Floor
                                                      Manhattan Beach, California  90266
                                                      Tel/Fax:  (310) 321-7892/(310) 321-7891

                                                      Edward P. Kelly
                                                      TIAJOLOFF & KELLY LLP
                                                      Chrysler Building - 37th Floor
                                                      New York, New York 10174
                                                      Tel/Fax:  (212) 490-3285/(212) 490-3295

                                                      Attorneys for Defendants,
                                                      Key Lighting Inc. et al.